# Re Opening of Fifteenth Street.

A jury assessed damages for opening a street, and reported that the street had never been opened before. They also reported that a previous jury of view reported in favor of opening the street, this report being confirmed in 1848; that in 1852 a jury of view to assess damages was appointed,

NOTE.—It was decided by Butler, P. J., now United States District Judge, in Wagoner v. Dismant, 2 Chester Co. Rep. 371, in the quarter sessions of Chester county, that land damages, under the general road law of June 13, 1836, are payable to the party who is the owner of the land at the time the road is opened, although they may have been assessed in the name of the prior owner. The case was decided on the authority of Jarden v. Philadelphia, W. & B. R. Co., 3 Whart. 502, which construes an act of assembly somewhat similar to the road act of 1836.

The question does not seem to be directly decided in Pennsylvania. The case of Tenbrooke v. Jahke, 77 Pa. 392, arose in Philadelphia, and by the act of April 21, 1855, § 7 (Purdon's Digest, 1516, pl. 152, ed. 1885), the city is liable for damages assessed, although there be no actual opening of the street. Philadelphia v. Dickson, 38 Pa. 249.

In the recent case of Losch's Appeal, 109 Pa. 72, the court, in a *per curiam* opinion, uses the following language: "Damages, being in the

whose report was set aside on exceptions; and that the railroad to whom damages are now assessed acquired title in 1850 and 1851. The jury further reported that, as property owners had opened part of the street at their own expense, and as they had suffered by reason of the neglect of the city to open the street, all damages assessed should be paid by the city. Affirmed on certiorari.

(Decided April 12, 1886.)

Certiorari of the City of Philadelphia to review a decree of the Court of Quarter Sessions, dismissing exceptions to a report of a jury assessing damages to the Philadelphia, Wilmington, & Baltimore Railroad Company, and confirming said report. Affirmed.

An ordinance of the city of Philadelphia of May 8, 1883, directed the opening of 15th street from Washington avenue to Carpenter street. Upon petition of the Philadelphia, Wilmington, & Baltimore Railroad Company, a jury was appointed to assess damages.

February 3, 1885, the report of the jury was filed, awarding petitioner $12,500, after considering the advantages and disadvantages of the opening to the property of the said petitioner. They also reported that they made inquiry as to the benefits to property in the immediate vicinity, and finding that 15th street from South to Federal (excepting that portion occupied by the railroad company) had been opened by the property owners at their own expense, and that they had suffered great inconvenience and detriment to their properties for a great number of years "by reason of the negligence of the city of Philadelphia

nature of a trespass for injury done to the land, do not pass by a subsequent conveyance thereof. The damages were a personal claim of the owner when the injury occurred. They do not run with the land, nor pass by the deed, although not specially reserved."

An inspection of the opinion indicates that the point was not involved in that case, however, and the language used is not necessarily in conflict with the case of Wagoner v. Dismant, as the point for decision is, when the injury occurred.

Judge Butler places his decision upon the following grounds: "Under the general road law of 1836, damages are given to the owner of any lands through which a public road may be opened. . . . The damages are given to the owner at the time the land is actually taken and applied to the public use. Up to this time the injury is incomplete. The proceeding to lay out does not of itself occasion any loss. The land is previously liable to be taken. The commencement of proceedings increases the dan-

in not directing the opening of said 15th street," they determined that the full amount of damages should be paid by the said city. They also reported that December 30, 1847, a jury of view made report to the court of quarter sessions in favor of the opening of 15th street, from South to Federal street, for public use, which said report was confirmed April 19, 1848, by said court; that on August 20, 1852, the said court appointed a jury to assess damages, which made report; and on February 11, 1853, the report of said jury on damages was, upon exceptions, set aside by the said court. They also reported that the railroad company acquired title in 1850 and 1851, and that in point of fact the said street was never actually opened between Carpenter street and Washington avenue until after the commencement of these proceedings. There was evidence before the jury that the street had been previously opened. It was agreed that the testimony be considered as incorporated in the report of the jury filed, with liberty to any party in interest to refer to the same in the discussion of any exceptions which might be filed.

The city of Philadelphia filed exceptions to the report of the jury, but these were dismissed and the report confirmed by the court. The city then brought this writ, assigning as error, *inter alia,* the following:

2d. The learned court erred in dismissing the third exception of the said city to the said report filed, *viz.:*

3d. Because the jury find the closing of the street was an injury to property in the vicinity, which is cured by the opening, and failed to assess benefits representing the advantages accruing to such property.

---

ger, but still it may never be taken; confirmation of the road does not make it certain. Up to the moment of opening, the court may interfere to prevent it. Even where the order is partially executed, the work may be arrested, and, in practice, not infrequently is."

Damages for the opening of a street are to be paid to the owner of the land at the time of opening, and not at the time of assessment. Easton v. Rinek, 116 Pa. 7, 9 Atl. 63; Whitaker v. Phœnixville, 141 Pa. 327, 21 Atl. 604; Wagoner v. Dismant, 2 Chester Co. Rep. 371; *Re* Volkmar Street, 124 Pa. 320, 16 Atl. 867. The contrary would seem to be held in Losch's Appeal, 109 Pa. 72, though it does not appear whether or not the city had taken possession; and in Philadelphia v. Dickson, 38 Pa. 249, but the ruling there was based upon the act of April 21, 1855, for Philadelphia, which imposed such liability whether opened or not.

4th. The learned court erred in dismissing the fifth exception of said city to the said report filed, *viz.:*

5th. Because the decree of the court of quarter sessions duly entered April 19, 1848, confirming the report of the jury of view in favor of the opening of the said 15th street from South to Federal street, vested in the commonwealth the right of way, and in the then owners of property, affected the right to damages as a personal right, not-running with the land (Tenbrooke v. Jahke, 77 Pa. 392); the damages to be assessed as of that date, and the purchase of the land from such owners by the Philadelphia, Wilmington, & Baltimore Railroad Company four and five years thereafter vested a title which was subject to the public right of way acquired under the decree of the court aforesaid.

*W. H. Addicks,* Assistant City Solicitor, and *Chas. J. Warwick,* City Solicitor, for the city.—As to the railroad company there is a special error of a want of title. The right to damages vested in its grantors; that right lapsed while they still owned the land. But even if it had not lapsed, it was a personal right and did not run with the land. Tenbrooke v. Jahke, 77 Pa. 392.

It was not assigned by them to the railroad company.

The final order confirming the report of the jury of view was a taking of property for public uses; and was notice to all the world of the rights acquired by the commonwealth and the right of action vested in the owner. Tenbrooke v. Jahke, 77 Pa. 392; Meginnis v. Nunamaker, 64 Pa. 376; McFadden v. Johnson, 72 Pa. 335, 13 Am. Rep. 681; Schuylkill & S. Nav. Co. v. Decker, 2 Watts, 343; Losch's Appeal, 109 Pa. 72.

Time will not run against the rights of the commonwealth, and no amount of adverse or permissive private use of a public highway will bar the commonwealth from asserting its right to the free and unobstructed public use at any time. Kopf v. Utter, 101 Pa. 27.

The jury have found the property suffering a special detriment by reason of 15th street being closed; a corresponding benefit accrues by reason of its opening. Was it not their duty, after finding this benefit, to determine its amount in money and report the same to the court, rather than punish the municipality for the exercise of a discretion lodged in it by law, and which, in many decisions, has been held not to be a subject for question or review in any court?

*David Sellers* and *Thomas Hart, Jr.*, for the Philadelphia, Wilmington, & Baltimore Railroad Company.—The assignments of error apply to questions wholly arising on the effect of the evidence offered before the jury. Unless all the cases on this subject are to be ignored there is absolutely nothing before this court to review. Upon certiorari, the court will examine only the regularity of the proceedings, and will not enter into the merits of the case. *Re* Schuylkill Falls Road, 2 Binn. 250; *Re* Spring Garden Street, 4 Rawle, 192; *Re* Church Street, 54 Pa. 353; *Re* Kensington & O. Turnp. Co. 97 Pa. 269.

If any hardship arises under the foregoing rulings, certainly since the act of June 13, 1874 (P. L. 283), none can arise. That act allows municipal corporations to take an appeal within thirty days from the ascertainment of the damages or the filing a report thereof in court.

PER CURIAM:

On this certiorari we can look at the record only. No facts outside thereof can be considered. They are not properly before us. The inquest shows that the portion of 15th street in question was never actually opened until after the commencement of these proceedings. It does not show that any other person or party was entitled to recover these damages. The question therefore was the extent of the damages sustained. They appear to have been duly assessed on correct principles.

Judgment affirmed.